Tierice KNOX, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8808.

Court of Appeals of Alaska.

March 10, 2006.

Valerie Leonard, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

Tierice Knox was charged with six counts of misconduct involving a controlled substance in the third degree, a class B felony, for selling crack cocaine.[1] Knox entered into a plea bargain in which he agreed to enter a no contest plea to a consolidated count of misconduct involving a controlled substance in the third degree. Knox was a third-felony

1. AS 11.71.030(a)(1).

offender, and faced a 6–year presumptive term. As part of the plea bargain, Knox agreed to the presumptive sentence. Superior Court Judge Larry D. Card accepted the plea agreement and sentenced Knox to the presumptive 6–year sentence.

Knox later filed an application for post-conviction relief seeking to withdraw his plea based on two separate claims that he had received ineffective assistance of counsel. Knox claimed that one of his trial attorneys was ineffective in the way he litigated a motion to suppress the evidence. Knox also claimed that a different attorney who represented him in entering his plea misinformed him about the nature of the sentence he would receive. Knox claimed that this attorney told him that after the judge imposed the bargained-for 6–year presumptive sentence, he would actually serve only 4 years of imprisonment because of good-time credit and then would be released with no further obligation to the State. Knox claimed that he later discovered that, after serving 4 years, he would be subject to mandatory parole for the remainder of his sentence. Knox contended that he would not have entered into the plea bargain had he known that he would be subject to mandatory parole.

Judge Card dismissed Knox's application for post-conviction relief. On appeal, we conclude that Knox did not establish a prima facie case that he received ineffective assistance in litigating the motion to suppress. But we conclude that Knox presented a prima facie case that his other attorney did not properly advise him of the nature of his sentence and that this advice affected his decision to enter his plea.

### Factual and procedural background

On October 2, 1999, Tierice Knox was charged with six counts of misconduct involving a controlled substance in the third degree.[2] The charges arose out of a series of alleged drug sales occurring over a three-day period in late September and early October 1999. The indictment alleged that Knox sold crack cocaine to undercover Anchorage Police Officer Mark LaPorte on six separate occasions.

On April 14, 2000, Knox's trial attorney filed a motion to dismiss two of the six counts. That motion claimed that the police lacked probable cause or reasonable suspicion to stop Knox's car and arrest him following a drug sale. Following an evidentiary hearing, Judge Card denied the suppression motion.

In his application for post-conviction relief, Knox contends that his attorney was ineffective in pursuing the suppression motion. He argues that his attorney did not raise the best arguments in litigating the motion. When we evaluate a claim that a defendant's counsel provided ineffective assistance, we apply a strong presumption that the attorney acted competently.[3] When the defendant's attorney makes a tactical decision, "the choice will be subject to challenge only if the tactic itself is shown to be unreasonable—that is, a tactic that no reasonably competent attorney would have adopted under the circumstances."[4]

In the present case, Knox obtained an affidavit from his trial attorney. In that affidavit, the attorney stated that his decisions in pursuing the suppression motion were tactical. In his order dismissing Knox's application for post-conviction relief, Judge Card concluded that Knox's allegations in his application did not overcome the presumption of competence or show that his attorney's decisions were anything other than tactical. We agree with Judge Card's conclusion.

### Knox's allegation that his other attorney misinformed him about the nature of his sentence

A different attorney represented Knox when he entered his plea to the consolidated count of misconduct involving a controlled substance in the third degree, a class B felony. Knox was a third-felony offender,

2. AS 11.71.030(a)(1).

3. *State v. Jones,* 759 P.2d 558, 569 (Alaska App. 1988).

4. *Id.* at 569–70 (citations omitted).

and therefore faced a presumptive term of 6 years of imprisonment. The State and Knox agreed to the 6–year term. According to Knox, his attorney advised him that he would serve "a flat time sentence without probation or parole supervision." But, under Alaska law, because Knox's sentence was more than 2 years of imprisonment, when he was released because of good-time credit, he would serve the remainder of his 6–year sentence on mandatory parole.[5] Knox contended that, had he been aware that he would be subject to mandatory parole, he would not have entered into the plea agreement with the State.

In her affidavits and in a deposition, Knox's attorney conceded that she was unaware that Knox would be subject to mandatory parole supervision after he was released because of good-time credit. She stated that she told Knox that his 6–year presumptive sentence, with accumulated good time, would mean that he would actually serve 4 years of imprisonment. She told Knox he "would serve four years period. No probation." In her affidavit, she represented "I can unequivocally state that I affirmatively represented to Mr. Knox that he would be completely done with his flat time sentence after he served four years." She also stated that "she subjectively felt that her parole advice to Mr. Knox might have influenced him to proceed with his change of plea because Mr. Knox had continued to strongly believe that he had a triable case—despite her assessment to the contrary."

In his application, Knox is making a post-sentence claim to withdraw his plea. In order to withdraw his plea, Knox must prove that withdrawal is necessary to correct a manifest injustice.[6] One way for Knox to establish that manifest injustice has occurred is for him to demonstrate that he received ineffective assistance of counsel.[7] In deciding whether to dismiss a claim in an applica-

tion for post-conviction relief, a "court must accept as true all of the allegations in the application and inquire whether those facts, if proved, would entitle the applicant to the relief sought."[8]

If we accept all of Knox's allegations as true, we conclude that he established a prima facie case that he received ineffective assistance of counsel about the nature of the sentence he would receive if he entered into the plea bargain, and that he would not have entered into the plea bargain had he received accurate advice. We accordingly conclude that Judge Card erred in dismissing this claim. We remand the case for further proceedings on Knox's application for post-conviction relief.

REMANDED.

---

5. *See* AS 33.16.010(c); AS 33.20.030; AS 33.20.040(a). *See also Hill v. State,* 22 P.3d 24, 26 (Alaska App.2001) (for prisoners sentenced to serve more than 2 years, good-time credit does not constitute complete forgiveness of jail time; rather, good time credit converts time that would otherwise be spent in prison to time that will be spent on parole); *Hampel v. State,* 911 P.2d 517, 520 (Alaska App.1996).

6. Alaska Crim. R. 11(h)(3).

7. Alaska Crim. R. 11(h)(4)(A).

8. *Hampel,* 911 P.2d at 524 (citations omitted).